HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| E.B. CONSTRUCTION & REMODELING, INC., et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, et al.,<br><br>          Defendants. | CASE NO. C14-5027 RBL<br><br>ORDER GRANTING AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>[DKT #8] |

## I.     INTRODUCTION

THIS MATTER is before the Court on Defendant Bank of America, N.A. (BANA)'s Fed. R. Civ. P. 12(b)(6) Motion to Dismiss. [Dkt #8]  Defendant BANA held the mortgage on Plaintiff Jeffrey Rauth's house.  Rauth's home suffered water damage and he hired Plaintiff E.B. Construction & Remodeling, Inc., to repair it.  Rauth's insurer paid for the damage, but its check was sent (consistent with the policy and the mortgage) to BANA.  BANA used some of the money to pay for some of the repairs, but kept about $21,000.  Meanwhile, Rauth's loan was in

default, and BANA foreclosed.  Rauth and E.B. sued for the remaining proceeds.  They claim[1] that BANA did not pay E.B., or credit Rauth for the amount it kept, and each asserts claims for unjust enrichment, breach of contract, violations of the Washington CPA, and unfair and deceptive business practices.

BANA argues that these claims fail as a matter of law.

## II.   BACKGROUND

In January 2011, Rauth's home suffered $72,446.38 of water damage.  Rauth's insurer sent that amount in two checks made jointly to Rauth and his mortgage lender, BANA.  BANA instructed Rauth to endorse both checks and forward them to BANA's insurance claims office, which he did.  BANA assured Rauth that it would deposit the checks in escrow and the money would be available to pay for the needed repairs.  Rauth hired E.B. to complete the repair work.  BANA paid E.B. $50,712.46 and E.B. agreed to allow Rauth to pay the remaining contract balance over time.

Plaintiffs allege that BANA told Rauth he could use the funds to pay off E.B. or to pay the past-due balance on his loan.  In a letter, BANA assured Rauth that once his contractor signed a lien waiver and an inspector performed a final inspection, BANA would disburse the rest of the money.  *See* Dkt. # 1, Ex. E.  E.B. waived its lien right and its work satisfied BANA's inspector, but BANA refused to pay E.B. or Rauth the remaining $21,773.91.  BANA foreclosed on Rauth's property.

E.B. and Rauth sued, each alleging four causes of actions: unjust enrichment, breach of contract, violations of the Washington CPA, and unfair and deceptive business practices.  BANA

---

[1] Both Plaintiffs also sued ReconTrust Company, N.A.  However, Plaintiffs have not made any factual (or legal) allegations against ReconTrust.  Plaintiffs have failed to state a claim against ReconTrust as a matter of law, and those claims are DISMISSED with prejudice.

argues that it has no contractual privity with E.B., and that it therefore owed it no duty (and no money) as a matter of law. BANA argues that Rauth waived[2] all his claims when he failed to file suit prior to the sale of his property. It also claims that both Plaintiffs' CPA claims are time-barred because they failed to file suit within two years of the sale.

Plaintiffs' Response substantively addresses only the unjust enrichment claim. They argue, correctly, that a contractual relationship is not an element of that claim. But they do not respond to the Motion to Dismiss their remaining claims.

### III. DISCUSSION

#### A. Fed. R. Civ. P. 12(b)(6) Standard.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although the Court must accept as true a complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be

---

[2] The Court agrees that Rauth waived his foreclosure related claims by failing to enjoin the sale and that Rauth's breach of contract, Washington CPA, and "unfair and deceptive business practice" claims are barred. BANA's Motion to Dismiss Rauth's claims is GRANTED and those claims are DISMISSED with prejudice.

1  enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550
2  U.S. 544, 555 (2007) (citations and footnote omitted).  This requires a plaintiff to plead "more
3  than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678
4  (citing *Twombly*).

**B.    E.B.'s Unjust Enrichment Claim.**

E.B. claims[3] that BANA received the benefit of E.B.'s work on the property, and that it was unjust for BANA to keep the money that the insurer gave to BANA for the repair work— work that benefitted BANA.  E.B. correctly points out that a contractual relationship is not a necessary element of an unjust enrichment claim—indeed, the existence of a contract bars such a claim.

In order to establish unjust enrichment, the following requirements must be met: (1) one party must have conferred a benefit to the other; (2) the party receiving the benefit must have knowledge of that benefit; and (3) the party receiving the benefit must accept or retain the benefit under circumstances that make it inequitable for the receiving party to retain the benefit without paying its value.  *Dragt v. Dragt/DeTray, LLC*, 139 Wash. App. 560, 576, 161 P.3d 473 (2007).

E.B. alleges it did $72,446.38 worth of work on the property, with BANA's knowledge and approval.  E.B. claims that BANA paid it $50,712.46, and promised to pay the rest if E.B. waived its lien right, and its work passed an inspection.  BANA foreclosed on the property— presumably worth more after E.B.'s repair work than before—but did not pay E.B. the remaining $21,773.91.  E.B. has plausibly pled an unjust enrichment claim.

BANA's Motion to Dismiss E.B.'s unjust enrichment claim is DENIED.

---

[3] E.B.'s Complaint broadly alleges breach of contract, violations of the Washington CPA, and "unfair and deceptive business practices."  E.B. failed to respond these claims and under LCR 7(b)(1) these claims may be dismissed.  Additionally, these claims are without merit.  BANA's Motion to Dismiss is GRANTED and these claims are DISMISSED with prejudice.

**C.  Rauth's Unjust Enrichment Claim.**

Rauth also claims that BANA was unjustly enriched when it kept the remaining insurance money.  BANA argues that Rauth waived his claims by failing to assert his claims prior to foreclosure, and that the Deed of Trust's terms permitted it to keep the insurance money.  A party is bound to the provisions of a valid, express contract, and may not disregard those provisions by bringing an action on an implied contract theory.  *Chandler v. Wash. Toll Bridge Auth.,* 17 Wn.2d 591, 604 (1943).  The Deed of Trust addresses the retention of the insurance proceeds and binds both parties to its terms.  Rauth cannot bring an unjust enrichment claim when a valid, express contract such as the Deed of Trust exists.  As a result, BANA's Motion of Dismiss Rauth's unjust enrichment claim is GRANTED and that claim is DISMISSED with prejudice.

## II. CONCLUSION

BANA's Motion to Dismiss [Dkt # 8] is DENIED as to E.B. Construction's unjust enrichment claim.  It is GRANTED as to all other claims, and all other claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 5th day of May, 2014.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE